JUAN GERARDINO, demandante y apelado, *v.* FRANCISCO J., RAMONA Y CONCEPCIÓN GARCÍA LUBIZA Y TOMÁS VÁZQUEZ, demandados y apelantes.

No. 3215.—*Visto:* Junio 6, 1924. *Resuelto:* Marzo 31, 1925.

1. SENTENCIA—CASOS CONTENCIOSOS—CONGRUENCIA CON LAS ALEGACIONES Y LAS PRUEBAS.—En un contrato sobre compraventa de dos solares se convino que la escritura de venta sería otorgada tan pronto fuese resuelto cierto pleito en cuanto al solar No. 2, y habiéndose convenido con posterioridad hacer efectiva la venta del solar No. 1, la sentencia se limita debidamente a dicho solar.

2. CUMPLIMIENTO ESPECÍFICO—CONTRATOS QUE PUEDEN SER CUMPLIDOS—EXISTENCIA Y CERTEZA DEL CONTRATO PROBADOS.—La prueba es abrumadora para justificar el contrato de venta así como la confabulación entre los vendedores y un tercero para obtener un mayor precio del comprador.

3. EVIDENCIA—EVIDENCIA ORAL IO EXTRÍNSECA QUE AFECTAN A ESCRITOS—ANULACIÓN DE DOCUMENTOS ESCRITOS—CONTRATOS FRAUDULENTOS—MANIFESTACIONES FALSAS EN EL MISMO.—Un notario, ante quien se otorgó una escritura de venta en la que se dice que el precio se entregó en su presencia, puede declarar sobre la falsedad de esa manifestación.

4. EVIDENCIA—EVIDENCIA ORAL IO EXTRÍNSECA QUE AFECTAN A ESCRITOS—ANULACIÓN DE DOCUMENTOS ESCRITOS—CONTRATOS FRAUDULENTOS—MANIFESTACIONES FALSAS EN EL MISMO.—Los testigos en una escritura de venta pueden declarar al efecto de no haber visto la entrega del precio por haberla suscrito separadamente al día siguiente.

5. DAÑOS Y PERJUICIOS—BASES DE Y CUESTIONES SUJETAS A DAÑOS COMPENSABLES—PÉRDIDA DE TIEMPO POR DESATENDER NEGOCIO.—La mera pérdida de tiempo por el demandante al tener que desatender sus negocios para prestar atención a una confabulación de los demandados para evitar el cumplimiento de un contrato de venta no es elemento de daños y perjuicios.

6. APELACIÓN Y ERROR — RESOLUCIÓN Y DISPOSICIÓN DEL CASO — REVOCACIÓN — ERROR INSUFICIENTE—OMISIÓN DE EXPONER CONCLUSIONES DE HECHO Y DE DERECHO PARA LA SENTENCIA.—La omisión de la corte de exponer conclusiones de hecho y de derecho para su sentencia no es motivo para revocar la misma. (*Arbona v. Ortiz,* 32: 308, ratificada.)

7. COSTAS—NATURALEZA, FUNDAMENTOS Y EXTENSIÓN DEL DERECHO—SENTENCIA CONDENANDO EN COSTAS—CONDENA JUSTIFICADA. — Habiéndose demostrado una confabulación por parte de los demandados para defraudar al demandante, está justificada la condena de costas.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar la demanda en cuanto a un co-demandado, ordenándole a otorgar escritura de venta y condenándole a pagar daños y perjuicios, más las costas. *Revocada* en cuanto a los daños y perjuicios.

*López de Tord* y *Zayas Pizarro,* Abogados de los apelantes; *José Rosario Gelpí,* Abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El primer motivo alegado por los apelantes para sostener este recurso se funda en que la corte inferior no sostuvo su excepción previa contra la demanda, en la que se alegó que no aduce hechos suficientes para determinar causa de acción.

La demanda ha sido establecida por Juan J. Gerardino contra tres hermanos de apellido García Lubiza y contra Tomás Vázquez Fagot y su esposa, y se ejercitan en ella dos causas de acción, exponiéndose en la primera que dichos hermanos eran dueños en proindiviso de dos solares que se describen con los Nos. 1 y 2, respectivamente; que uno de los hermanos vendió en noviembre de 1921 ambos solares al demandante por precio de $1,100, cuya venta fué ratificada por las otras dos hermanas, siendo convenido que el precio lo recibiría en octubre de 1922, descontando de él las cantidades que hasta entonces les hubiesen sido adelantadas; que la escritura de venta se otorgaría tan pronto fuese resuelto cierto pleito pendiente por el solar No. 2 y que si se resolvía en contra de los vendedores se descontaría una cantidad proporcional de los $1,100 en relación a esta cantidad y el promedio por varas cuadradas; que como consecuencia de ese convenio el demandante fabricó varias casas en el solar No. 1, cuyas construcciones tienen un valor de $9,000; que en el mes de agosto de 1922 uno de los hermanos García, por sí y por sus dos hermanas, requirió al demandante para pagar el importe parcial del solar No. 1 y convinieron en otorgar la correspondiente escritura pública ante el notario Sr. Yordán, quien la redactó pero no fué firmada porque bajo ciertos pretextos se negaron los hermanos García.

De esas alegaciones se desprende que hubo un contrato perfecto de venta por parte de los tres hermanos García a favor de Gerardino de los dos solares mencionados, y que aunque fué convenido que la escritura de transmisión del dominio no se otorgaría hasta que se terminara el pleito que pendía por el solar No. 2, sin embargo, por otro convenio

posterior llegaron al acuerdo de que se otorgara, desde luego, la escritura de venta en cuanto al solar No. 1. Si eso es cierto, el demandante alega hechos suficientes para que los demandados García sean obligados a otorgarle la escritura de venta del solar No. 1.

La segunda causa de acción se funda en los hechos expuestos anteriormente y en que después que el demandante construyó las casas, los hermanos García pretendieron que les aumentara el precio del contrato de compraventa, y habiéndose negado a ello el demandante, entonces, con el propósito de defraudarle se confabularon con los esposos Vázquez Fagot y sabiendo éstos que dichos solares estaban vendidos al demandante y que había invertido una fuerte cantidad de dinero en las casas que construyó en el solar No. 1, aparecen comprando dicho solar por $2,100, según la escritura No. 85 de 5 de septiembre de 1922, para que el demandante tuviera que trasladar dichas casas a otro sitio o destruirlas o enajenarlas por menos precio de su costo, y que esos actos maliciosos y fraudulentos le han ocasionado perjuicios físicos al encontrarse con una fuerte suma invertida sometida a contingencias judiciales cuyos perjuicios estima en $3,000, debiendo, además, ser castigados los demandantes por daños punitivos y ejemplares en $2,000.

Si es cierto que los esposos Vázquez Fagot sabían que el expresado solar había sido vendido al demandante, que se confabularon con los hermanos García para otorgar la mencionada escritura a fin de perjudicar al demandante en las construcciones que hizo en ese solar y que esto ha sido causa de que sufra perjuicios, el demandante expone hechos para pedir que se anule la venta hecha a los esposos Vázquez Fagot y para que los demandados le indemnicen de los perjuicios que tal conducta pueda haberle causado.

Habiendo contestado todos los demandados y celebrádose el juicio, recayó sentencia, que ha sido apelada por Fran-

cisco García Lubiza y por los esposos Vázquez Fagot, en la que se declara con lugar la demanda en cuanto al demandado Francisco García Lubiza, y sin lugar en cuanto a los demás codemandados; que declara nula la escritura de 5 de septiembre de 1922 otorgada ante el notario Sr. Castillo por la que los tres hermanos García venden el solar No. 1 a los esposos Vázquez Fagot, pero concretando dicha nulidad solamente en cuanto al condominio de Francisco García; que ordena que éste transmita el título de dicho condominio al demandante; y que declara nulas las inscripciones que se hubiesen hecho en el registro de la propiedad referentes a dicho condominio, y condena a Francisco García Lubiza a pagar al demandante $2,000 por daños y perjuicios y las costas.

Si bien la corte inferior no hizo un pronunciamiento expreso en su sentencia contra los esposos Vázquez Fagot, está implícito en cuanto a ellos el de la nulidad de la compra del condominio de Francisco García Lubiza, ya que declara que la venta de ese condominio es nula y ordena que se cancele en el registro de la propiedad la inscripción que haya sido hecha y que García lo transmita al demandante, por lo que afectan sus pronunciamientos a los esposos Vázquez, y así lo han entendido ellos al apelar de la sentencia por considerarla perjudicial para sus intereses, y no pueden sostener que a nada les condena y que los absuelve de la demanda por el hecho de decirse que se declara con lugar en cuanto a Francisco García y sin lugar en cuanto a los demás codemandados. En verdad que la sentencia debió ser hecha con más cuidado para evitar que surjan dudas en cuanto a sus pronunciamientos y que por eso pueda ser atacada.

[1] La corte no cometió el motivo de error que se alega por referirse a uno sólo de los solares, pues la teoría de la demanda y de la prueba es que si bien Gerardino compró en noviembre de 1921 los dos solares para pagar lo que no

hubiese anticipado cuando terminase el pleito que existía
por el solar No. 2, posteriormente, en agosto del año si-
guiente, convinieron vendedores y comprador en hacer efec-
tiva, desde luego, la venta del solar No. 1 y que se otorgara
la escritura correspondiente, que se radactó y que no qui-
sieron firmar los vendedores, por lo que sólo ese solar debió
ser objeto de la sentencia.

Otro error que se alega es por la apreciación de la prueba
que según los apelantes no demuestra que los hermanos Gar-
cía efectuaron contrato de venta con los demandantes.

[2, 3, 4] No existe ese motivo de error pues la eviden-
cia es abrumadora con respecto al hecho de que Gerardino
compró a Francisco García, por sí y con el conocimiento y ·
consentimiento de sus hermanas Ramona y Concepción, por
precio cierto, los dos solares, aunque la escritura de venta
quedó pendiente de que se resolviera un pleito existente en
cuanto a uno de ellos, y que más tarde se convino en que
se otorgara la escritura, desde luego, en cuanto al solar No.
1, así como que existió una confabulación entre los herma-
nos García y Tomás Vázquez Fagot para tratar de obtener
de Gerardino, después de construídas por él las casas en ese
solar, mayor precio del convenido para la venta, de tal
suerte que si la sentencia hubiera declarado nula la venta
a Vázquez también en cuanto a Ramona y Concepción Gar-
cía, hubiéramos encontrado justificada esa declaración de
nulidad.   No sólo fué abundantísima y convincente la prueba
testifical en contra de todos los demandados sino que existió
prueba documental, pues el 2 de mayo de 1922 Francisco
García firmó un documento confesando haber recibido $200
de Gerardino en un cheque para abonar a cuenta de la can-
tidad de $1,100 importe de los dos solares vendidos a él, y
cobró dicho cheque y otro más de $4.56 que le entregó Ge-
rardino para pagar contribuciones de dichos solares.   [3] Y
también resulta que aún cuando en la escritura de venta de

los García a Vázquez se dice que éste entregó los $2,100 ante el notario Castillo y los testigos, declaró el notario que eso no es cierto porque ante él no se entregó dinero alguno por esta venta y [4] los testigos tampoco vieron esa entrega porque no estaban presentes cuando las partes firmaron la escritura, que ellos suscribieron separadamente al día siguiente.

[5] La prueba, sin embargo, en cuanto a los perjuicios sufridos por el demandante por los actos de los demandados es insuficiente para sostener la condena de pagar $2,000 por tal concepto, pues la única evidencia sobre ellos, que es la declaración prestada por Juan J. Gerardino, no puede servir de base para tal condena, ya que se limitó a declarar que su perjuicio ha consistido en la pérdida de tiempo al tener que desatender sus negocios para prestar atención a éste.

[6] Alegan los apelantes como otro de los motivos para que la sentencia sea revocada que la corte inferior no expuso sus conclusiones de hecho y de derecho para su sentencia, pero como este caso está en las mismas condiciones que el de *G. Arbona & Co.* v. *Ortiz et al.,* 32 D. P. R. 308, tal omisión no produce la revocación de la sentencia.

[7] La condena en costas a Francisco García Lubiza está justificada por los hechos que han dado origen a este pleito, que hemos expuesto antes, y por tanto no es errónea la sentencia en este particular; y tampoco lo es por haber admitido como evidencia el documento de 2 de mayo de 1922 en que Francisco García reconoce haber vendido los dos solares a Gerardino, pues aunque aquél atacó como falsa la firma que con su nombre y apellido aparece en él, la corte tuvo suficiente evidencia ante sí para llegar a la conclusión de que tal firma fué puesta por García.

Por los motivos expresados *la sentencia apelada debe ser confirmada con la aclaración de que no es la escritura No. 1, sino la No. 85 de 5 de septiembre de 1922 otorgada ante el*

*notario Castillo la que se declara nula, y que el traspaso del condominio de Francisco García Lubiza a Juan J. Gerardino debe ser por la tercera parte de los $800, precio del solar No. 1, debiendo ser revocada la condena impuesta a Francisco. García Lubiza de pagar al demandante $2,000 como daños y perjuicios.*